**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FREDERICK MUTUAL INSURANCE CO.<br>5280 Corporate Drive, Suite A270<br>Frederick, MD 21703<br><br>Plaintiff,<br>v.<br><br>NESSIM RENOVATIONS, LLC<br>302 Ellison Dr.<br>North Wales, PA 19454,<br><br>ONE STOP GENERAL CONTRACTORS, LLC<br>9953 Alicia Street<br>Philadelphia, PA 19115,<br><br>and<br><br>RYAN DESTEFANO<br>832 Bush Street<br>Bridgeport, PA 19405,<br><br>Defendants. | Civil Action No.: 26-8586<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

AND NOW, comes Plaintiff Frederick Mutual Insurance Company, by and through its counsel, Pion, Nerone, Girman & Smith, P.C., Michael F. Nerone, Esquire, and Brendan K. Birmingham, Esquire, and files this Complaint for Declaratory Judgment, in support of which it avers the following:

1. The Plaintiff, Frederick Mutual Insurance Company, ("Frederick Mutual") is a duly authorized and licensed Maryland insurance company which maintains its principal place of business in Frederick, Maryland.

2. The Defendant, Nessim Renovations, LLC, based upon information and belief is a Pennsylvania limited liability company which maintains principal place of business located at 302 Ellison Dr. Montgomery County, North Wales, Pennsylvania.

3. The Defendant, Ryan DeStafano, based upon information and belief is an adult individual who resides at 832 Bush Street Bridgeport, Pennsylvania.

4. The Defendant, One Stop General Contractors LLC, based upon information and belief, is a Pennsylvania limited liability company which maintains its principal place of business at 9953 Alicia Street Philadelphia, Pennsylvania.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(a), as the policy of insurance that is the subject of this action was issued in Pennsylvania, the incident underlying the insurance dispute, based upon information and belief, occurred in Montgomery County, Pennsylvania, the individual Defendant resides in North Wales, Pennsylvania, and the underlying personal injury action is filed in Philadelphia County, Pennsylvania.

6. Defendant DeStefano filed suit in the Court of Common Pleas of Philadelphia County Pennsylvania at No. 250900960, ("Underlying Action") against Defendant One Stop General Contractor, LLC. A true and correct copy of the Complaint filed in the Underlying Action (the "Underlying Complaint") is attached hereto as Exhibit "A".

7. In the Underlying Complaint, Defendant DeStefano asserts claims arising out of a December 21, 2023 work site injury he suffered at a jobsite located at 406 Franklin Court in Montgomery Township, Montgomery County, Pennsylvania (the "subject jobsite").

8. Defendant One Stop subsequently joined Defendant Nessim as a party to the Underlying Action. A true and correct copy of the Amended Joinder/Third Party Complaint is attached hereto as Exhibit "B".

9. Based upon information and belief, Defendant Nessim, at the time of the underlying accident, was the general contractor responsible for the jobsite, for the purpose of providing renovation services at the jobsite.

10. Based upon information and belief, Defendant Nessim hired Defendant DeStefano as a laborer to perform flooring work at the jobsite.

11. While performing such flooring work, it is alleged that Defendant DeStefano injured his hand by way of a table saw (the "subject saw"). See Exhibit "A" at ¶ 9.

12. Based upon information and belief, the subject saw was owned by Nessim and provided to Defendant DeStefano.

13. Based upon information and belief, Defendant Nessim provided all of the tools, equipment and materials, including the subject saw, being used by Defendant DeStefano at the subject jobsite.

14. Based upon information and belief, Defendant DeStefano did not provide any of the tools, equipment or materials he used at the subject jobsite.

15. Based upon information and belief, Defendant Nessim paid Defendant DeStefano hourly wages for the time Defendant DeStefano worked at the subject jobsite.

16. Based upon information and belief, Defendant Nessim directed and controlled and/or had the right to control the manner and method of Defendant DeStefano's work at the subject jobsite.

17. Based upon information and belief, at the time of Defendant DeStefano's accident, Defendant DeStefano was employed by, and acting within the course and scope of, his employment with Defendant Nessim.

18. Alternatively, based upon information and belief, Defendant Nessim was the statutory employer of Defendant DeStefano at the time of the underlying action.

19. Pursuant to Pennsylvania law, Defendant Nessim was obligated to maintain workers' compensation insurance coverage for the benefit of Defendant DeStefano. See 77 P.S. § 461 and 77 P.S. § 462.

20. 77 P.S. § 461 is titled "Coverage of Employees of Subcontractor; Subcontractor Defined; Exception" and provides in part:

> A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payments as provided for in this act. . .

21. Similarly, 77 P.S. § 462, provides:

> Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employee or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employee or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act.

22. Based upon information and belief, Defendant Nessim, at the time of the underlying action, was under contract with the property owner or a general contractor, which was in the position of an owner.

23. Defendant Nessim, at the time of the subject incident, controlled the subject jobsite.

24. Defendant Nessim either employed Defendant DeStefano directly at the time of the subject accident, or had entered into a subcontract with the person or entity that did employ Defendant DeStefano.

25. At the time of the subject accident, carpentry, including flooring, was a part of Defendant Nessim's trade and business.

26. At the time of the subject accident, the carpentry / flooring work being performed by Defendant DeStefano, was entrusted to him and/or his employer by Defendant Nessim.

27. Plaintiff, Frederick Mutual Insurance Company, issued Policy No. BP21811602 to Defendant Nessim. A true, correct and complete copy of Policy No. BP21811602 (hereinafter "Policy"), is attached hereto as Exhibit "C".

28. Defendant Nessim has tendered its defense and indemnity associated with the DeStefano Action to Plaintiff, seeking coverage under the Policy.

29. The Policy, includes commercial general liability coverage in the Business Owners Coverage Form ("BOP Form"). The BOP Form also includes exclusions which preclude coverage from applying in the circumstances described in the exclusions.

30. The insuring clause of the Businessowners Coverage Form states:

A. Coverages

1. Business Liability

a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies…

31. Exclusion e. states in part:

This insurance does apply to:

e. Employer's Liability

"Bodily Injury" to:

(1) An "employee" of the Insured arising out of and in the course of:

a. Employment by the insured; or

b. Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury . . .

See Exhibit "C", at BOP Form, page 38 of 53.

32. Exclusion d states in part:

This insurance does not apply to:

d. Any obligation of the Insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

*Id.*

33. Pennsylvania recognizes and enforces the validity of the workers' compensation and employee exclusions.

34. Exclusions d. and e. of the Policy preclude coverage from being owed by Plaintiff, Frederick Mutual Insurance Company, to Defendant Nessim for the claims asserted in the Underlying Action.

35. Further, the Policy contains Endorsement BP 06070511, titled Pennsylvania Changes – Defense Costs, which states in part:

If we initially defend an Insured or pay for an Insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

36. By correspondence dated March 7, 2024, Frederick Mutual Insurance Company, through its undersigned counsel, issued a Reservation of Rights ("ROR") letter, advising Defendant Nessim that coverage likely did not apply, that it was "reserving any and all rights under the Policy to deny coverage, indemnity and/or to withdraw the defense which is currently being provided. A true and correct copy of the March 7, 2024 ROR is attached hereto as Exhibit "D".

37. This action presents a case of actual controversy and is asserted pursuant to 42 Pa.C.S.A. § 7531, *et seq.*

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests a declaration from this Honorable Court that:

A. Plaintiff, Frederick Mutual Insurance Company, has no duty or obligation to defend Defendant Nessim Renovations LLC and/or any other person or entity under the Policy with respect to claims asserted by Defendant DeStefano in the Underlying Action;

B. Plaintiff, Frederick Mutual Insurance Company, has no duty to indemnify Defendant Nessim Renovations, LLC and/or any other person or entity under the Policy with respect to claims asserted by Defendant DeStefano in the Underlying Action;

C. Plaintiff, Frederick Mutual Insurance Company is entitled to be reimbursed for any costs incurred defending Defendant Nessim Renovations, LLC in the Underlying Action; and

D. Such other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

PION, NERONE, GIRMAN & SMITH, P.C.

By: /s/Brendan K. Birmingham

Brendan K. Birmingham, Esquire
PA ID #323023
bbirmingham@pionlaw.com

1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA 15222
412-281-2288
Counsel for Plaintiff, Frederick Mutual Insurance Company